IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## SAMMY S. BONDS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-01-253     Roy B. Morgan, Jr., Judge**

_____

**No. W2001-02859-CCA-R3-PC  - Filed December 2, 2002**

_____

Petitioner, Sammy S. Bonds, appeals the trial court's denial of his petition for post-conviction relief. Petitioner's *pro se* petition alleges that he received ineffective assistance of counsel. We reject Petitioner's argument and affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Jeff Mueller, Jackson, Tennessee (on appeal); and Roger Stanfield, Jackson, Tennessee (at guilty plea hearing) for the Appellant, Sammy S. Bonds

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; James G. Woodall, District Attorney General; Alfred L. Earls, Assistant District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Post-Conviction Hearing

On July 11, 2000, Petitioner pled guilty to especially aggravated kidnapping, aggravated rape, and aggravated assault. In exchange for his guilty pleas, he received an effective sentence of fifteen years. No direct appeal of his convictions was filed. On July 9, 2001, Petitioner filed a petition for post-conviction relief, claiming ineffective assistance of counsel. In his petition, he alleges that he provided his appointed trial counsel, Roger Stanfield, with a letter that was sent to Petitioner by the victim. Petitioner argues that he urged trial counsel to use the letter to attack the victim's credibility at trial.

At the post-conviction hearing, Petitioner testified that he discussed the letter with trial counsel. Petitioner indicated that the significance of the victim's letter was to show that she was not

in favor of having charges pressed against Petitioner. Petitioner also testified that he asked trial counsel to interview his parents regarding their having witnessed the victim leaving his house on the night of the alleged crimes, but his parents told him that his counsel never contacted them. He testified that counsel reviewed his statement to police with him and discussed two pretrial motions with him, but Petitioner did not understand the motions. Petitioner also testified that he accepted the State's offer because of his statement to police, in which he admitted to having tried to scare the victim.

Trial counsel represented Petitioner for a period of about three months, from his appointment in April, 2000, until Petitioner entered his guilty pleas in July, 2000. At the post-conviction hearing, trial counsel testified that in the course of his representation of Petitioner, he met with Petitioner on six separate occasions for a total of seven or more hours. He testified that Petitioner expressed a desire to plead guilty from the outset in light of the State's overwhelming evidence against him. He testified that he and Petitioner discussed the victim's letter on several occasions. While the letter stated that the victim "still love[d]" Petitioner, and that she did not intend for Petitioner to be prosecuted, it also stated that Petitioner "scared [her] stupid," and "[he] just couldn't wait [for them to be together]." Trial counsel testified that he interviewed the victim regarding the letter, and she never recanted her statements implicating Petitioner in the crimes. Had Petitioner's case proceeded to trial, counsel intended to use the victim's letter to establish an ongoing, consensual sexual relationship between the victim and Petitioner and to discredit the testimony of the victim at trial. The case never proceeded to trial, however, because Petitioner accepted the State's plea offer.

At the conclusion of the hearing, the post-conviction court found that Petitioner did not establish by clear and convincing evidence that trial counsel had provided ineffective assistance, and that Petitioner "had complete and thorough discussions with his counsel; that he weighed all the options; and that he chose . . . to accept a negotiated plea for the reasons indicated. It's only after time and after additional thought he decided he might rather do something different." We are bound by the findings of the post-conviction court unless the evidence preponderates otherwise. *See Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). This Court will not reweigh or reevaluate the evidence or substitute its inferences for those of the post-conviction court. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997).

## II. Ineffective Assistance of Counsel

We review a claim of ineffective assistance of counsel under the standards set forth in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d, 674 (1984). The burden of proof is on the Petitioner to establish that counsel's performance was deficient and the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Dean v. State*, 59 S.W.3d 663, 667 (Tenn. 2001). Petitioner bears the burden of proving both a deficiency in counsel's performance as well as prejudice, and a failure to prove either prong provides a sufficient basis for denying relief. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

To prove ineffective assistance of counsel, Petitioner must establish that, but for counsel's errors, the Petitioner would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). We must determine whether Petitioner was able to assist counsel in preparing his defense, to consult with counsel, and to understand the nature and object of the proceedings against him. *Plummer v. State*, 2000 Tenn. Crim. App. LEXIS 845, No. M1999-01406-CCA-R3-PC (Tenn. Crim. App. at Nashville, October 27, 2000) *perm. to appeal denied* (April 9, 2001). Counsel's performance must have been within the range of competence demanded of attorneys in criminal proceedings. *Baxter*, 523 S.W.2d at 936.

On appeal, Petitioner asserts that certain pretrial motions were not heard prior to the entry of his guilty pleas, and therefore, his decision to plead guilty was not knowingly and intelligently made. During plea negotiations, trial counsel moved for the suppression of Petitioner's statement to police as well as for the admission of evidence to show the prior sexual conduct of the alleged victim pursuant to Rule 412 of the Tennessee Rules of Evidence. Petitioner entered into a plea agreement with the State before either motion was ruled upon or heard by the trial court. Petitioner admits that trial counsel explained in detail the purpose of the motions, but Petitioner did not understand the potential impact of their grant or denial. Trial counsel testified at the post-conviction hearing that he believed that the probability of success on the motion to suppress was low, and he had discussed that possibility with Petitioner. He filed the motion during plea negotiations, and he explained to Petitioner that its purpose was to "maintain pressure and dialogue with the State." With regard to the Rule 412 motion, trial counsel felt strongly that it likely would have been granted, and he discussed the potential outcomes with Petitioner, but the motion was not heard because the State made an offer that Petitioner agreed to accept. Petitioner does not allege counsel's failure to file pretrial motions, rather he argues that his own misunderstanding about the consequences of the motions counsel did file prevented his plea from being voluntarily and intelligently entered. He admits that trial counsel explained the motions, but argues that he did not understand them.

The transcript of the guilty plea hearing shows that the trial court questioned Petitioner extensively regarding whether or not Petitioner understood the charges against him, the sentence he was facing, and whether his pleas were knowing, voluntary, and intelligent. Petitioner testified under oath that he was entering his pleas voluntarily and knowingly. The trial court was careful to make sure Petitioner understood the nature and effect of those proceedings. The record shows that the trial court paused the proceedings to allow Petitioner to speak with his counsel to ensure that Petitioner fully understood the charges to which he was pleading guilty and the factual basis of those charges. Nothing in the record shows that Petitioner was dissatisfied with trial counsel's performance. At the guilty plea hearing, the trial court asked Petitioner, "Are you satisfied with your attorney, Mr. Stanfield's, representation in this case?" to which Petitioner responded, "I'm very satisfied." At the post-conviction hearing, Petitioner admitted that he was satisfied with counsel's representation, and that he accepted the State's offer because of the statement he made to police and the strength of the State's case.

At the conclusion of the guilty plea hearing, the trial court accepted Petitioner's guilty pleas, finding that they were "freely, voluntarily and intelligently made and that he has had the advice of

counsel with whom he's indicated he's satisfied . . . ." We therefore conclude, based upon the entire record, that the evidence does not preponderate against the findings of the post-conviction court.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the post-conviction trial court.

_____
THOMAS T. WOODALL, JUDGE